UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary L. Wise, <br> *aka Gary Legrande Wise,* <br>                        Plaintiff, <br> v. <br> The State of South Carolina; <br> Florence County Detention Center; <br> Administrator, Joey Norris; <br> The Honorable Judge Thomas A. Russo, 12th Circuit; <br> Office of the Attorney General, Jim Bogle; <br> Doctor Wilner, and <br> Head Nurse Nancy Truelock; officially and in their individual capacities, <br>                        Defendants. | C/A No. 6:10-1543-HFF-KFM <br><br> **Report and Recommendation** <br> **(Partial Summary Dismissal)** |

      This is a civil action filed *pro se*. Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

      Plaintiff, having completed his sentence for state crimes (four counts of lewd act on a minor), is currently being detained at the Florence County Detention Center pending evaluation and adjudication under South Carolina's Sexually Violent Predator Act (SVPA). S.C. Code Ann. §§ 44-48-10 through 44-48-170. In the Complaint filed in this case, as he did in his unsuccessful federal habeas corpus case in this Court, *see Wise v. Warden*, Civil Action No. 6:09-1361-HFF (summary judgment for respondent on the merits)(appeal pending), Plaintiff alleges that he was unconstitutionally coerced into pleading guilty to the criminal charges for which he served the

sentence and on which the current SVPA detention is premised. He also claims, as he did in the habeas case, that his criminal convictions are void because the trial court was without jurisdiction to accept his plea due to problems with the indictment. Although these contentions were found unavailing in his habeas case, Plaintiff re-asserts them in this civil complaint as a basis for his claim that he is currently being "falsely imprisoned" by several Defendants (The State of South Carolina; Florence County Detention Center; Administrator, Joey Norris; The Honorable Judge Thomas A. Russo, 12th Circuit; Office of the Attorney General, Jim Bogle). He asks this Court to enter a "preliminary and permanent injunction 'emergency temporary restraining TRO'" ordering his release from the detention center due to the allegedly void nature of the criminal convictions on which his current detention is based, and he also asks for an award of damages from these Defendants for each day he is confined past the end of his criminal sentence.

In addition to his claim of "false imprisonment," Plaintiff also includes claims against Florence County Detention Center officials/employees relating to the conditions of his current confinement. He claims that he is not being adequately medicated and treated for several ailments and that he is not being fed an adequate diet. These claims are raised against Defendants Norris, Dr. Wilner, and Nurse Truelock, and damages are sought against these Defendants as well.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a

*pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to several Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

Initially, the Complaint in this case should be partially summarily dismissed as to Defendant State of South Carolina because it is immune from such a lawsuit under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst*, 465 U.S. at 99 n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not so consented. Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall*

---

[1] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

v. Batson, 329 S.E.2d 741, 743 (S.C. 1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Also, the Complaint should be summarily dismissed as to Defendant Florence County Detention Center. Plaintiff's claims of unconstitutional convictions, confinements, and prosecutions raised in the Complaint fall within this Court's federal-question jurisdiction and are raised pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their authority to deprive individuals of their *federally guaranteed* rights, and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). In order to state a viable claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See, e.g., Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Since the Florence County Detention Center is a building or a group of buildings, it is not a "person" and does not qualify as a "state actor." Accordingly, it is not a proper defendant in a § 1983 lawsuit, and the Complaint should be partially summarily dismissed as to this Defendant.

Furthermore, to the extent the Complaint alleges that the Plaintiff is being "falsely imprisoned," that he should be immediately released from custody, and that he is entitled to damages for his current confinement from any person, it is subject to partial summary dismissal. The only basis advanced by the Plaintiff for this relief is his contention that the criminal convictions on which his SVPA confinement is based are void. In *Heck v. Humphrey*, 512 U.S. 477 (1997), the United States Supreme Court stated:

> We hold that, in order to recover damages [or other relief]$^2$ for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . *a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.* A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87 (emphasis added). Thus, until a criminal conviction is set aside by way of appeal, habeas, or other post-conviction relief, any civil rights action based on that conviction and related matters will be barred.$^3$ As stated above, Plaintiff unsuccessfully pursued an initial § 2254 petition in this Court in which he made most of the same allegations of the unconstitutionality of his underlying criminal convictions that he makes here. Although the appeal of his habeas case is

---

$^2$ *See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

$^3$ *But see Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008) (Former prisoner's § 1983 claim alleging that his prior imprisonment was wrongful, filed after his sentence expired but before he was able to complete post-conviction relief process, was cognizable; prisoner was not eligible for habeas relief since his sentence had expired and he would be left without any access to federal court to contest allegedly wrongful imprisonment if his § 1983 claim was barred.).

currently pending in the Fourth Circuit Court of Appeals, *Wise v. Warden*, Appeal No. 10-6565, Plaintiff's underlying criminal convictions remain legally valid, thus precluding his "false imprisonment" claims against any Defendant under the *Heck* opinion. He is not entitled to release from his current confinement, and no preliminary injunction or temporary restraining order is justified.

Moreover, to the extent that Plaintiff seeks damages and other relief from Judge Russo arising from his actions and/or rulings as a trial judge presiding over Plaintiff's SVPA evaluation process or in connection with his ruling and/or actions as a trial judge involved in Plaintiff's underlying criminal convictions, such claims are barred by the doctrine of absolute judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Judge Russo should be summarily dismissed from this case as a party defendant.

Finally, to the extent the it seeks relief for alleged "false imprisonment" from the Defendant Bogle of the South Carolina Attorney General's Office because of his participation in either the SVPA

evaluation process or the underlying criminal convictions, Plaintiff's Complaint is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, the Attorney General and his assistants function as prosecutors in a variety of situations, such as in criminal appeals and post-conviction relief actions, and in proceedings under the SVPA. As prosecutors, they have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004). Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims about the supposed invalidity of his underlying criminal convictions as a basis for application of the SVPA to him go directly to Bogle's prosecutorial decisions about when to seek civil confinement under the Act and whether to seek detention for evaluation. As stated above, such decisions are purely prosecutorial functions, and they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*. Accordingly, since the "false imprisonment" claim in Plaintiff's Complaint is the only one applicable to him, Defendant Bogle should be summarily dismissed from this case as a party defendant.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court partially summarily dismiss the Complaint in this case *without prejudice* and without issuance and service of process as to all "false imprisonment" claims and as to Defendants State of South Carolina, Florence County Detention

7

Center, Judge Thomas Russo, and Jim Bogle ("office of the Attorney General"). *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

To the extent that the Complaint may be construed as including a Motion for Temporary Restraining Order or for Preliminary Injunction under Federal Rule of Civil Procedure 65, such Motion should be denied.

To the extent that it alleges medical and conditions-of-confinement issues relating to Defendants Norris, Wilner, and Truelock, the Complaint should be served on those Defendants.

Plaintiff's attention is directed to the important notice on the next page.


July 27, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).