IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary L. Wise a/k/a Gary Legarnde Wise, ) | Civil Action No. 6:10-cv-1543-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Administrator Joey Norris, et. al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendant Dr. Wilner's motion to dismiss (Dkt. No. 35), defendants Administrator Norris and Nurse Truelock's motion for summary judgment (Dkt. No. 58), and the plaintiff's motion for summary judgment (Dkt. No. 64). The plaintiff, a former state prisoner proceeding *pro se*, filed his complaint seeking relief pursuant to Title 42, United States Code, Section 1983, alleging the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. As a result, pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the matter was sent to a United States Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that Defendants' motion for summary judgment be granted. (Dkt. No. 66). The Plaintiff has objected. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final

1

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106. Thus, in order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). "Deliberate indifference may be demonstrated by either actual intent or

reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier v. Beorn*, 896 F.2d 848, 851-52 (4th Cir. 1990) (citation omitted). Disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

While the plaintiff clearly had significant medical needs while at the FCDC, he cannot reasonably contend that the medical staff there was deliberately indifferent to them. As itemized in Nurse Truluck's affidavit (Dkt. No. 58-2, Truluck aff. ¶¶6-12) and detailed in the 208 pages of medical records for the plaintiff during his 141 days in the facility, the FCDC medical staff was keenly aware of the plaintiff's medical complaints and provided him extensive care on a daily basis. Based on the voluminous medical records and evident treatment given, while the plaintiff may be personally dissatisfied with the care he received while at FCDC, he is not constitutionally entitled to the treatment of his choice. The records attest that the defendants were not indifferent to the plaintiff's serious medical needs.

Instead of opposing the Defendants' summary judgment motions, the plaintiff filed his own motion for summary judgment—nine months after his release from FCDC. In addition to rehashing the same medical indifference claims contained in his complaint, the plaintiff's motion adds allegations for the first time that he developed a fungal infection and a rash while at the FCDC and that he was scalded in the shower. With his motion he provides pictures purportedly showing these conditions. However, the plaintiff provides no evidence whatsoever to support his claim that he developed these conditions

while at FCDC. Indeed, a review of the medical records reveals that he made no mention to the medical staff of these complaints. Based on this, the defendants are entitled to summary judgment, as there is no genuine issue of material fact regarding the care received by the plaintiff while at FCDC.

In his Complaint, the plaintiff makes no allegations against Administrator Norris regarding his medical care. To the extent he attempts to hold Administrator Norris liable in his supervisory capacity, the doctrine of respondeat superior generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.). The plaintiff has failed to make such a showing here and his claim against Defendant Norris fails as a matter of law.

Finally, in his motion to dismiss, Dr. Wilner asserts that he was never served with process. Because he would have been entitled to summary judgment, as set forth above, had he been served, it is recommended that he be dismissed from the case without further service of process or response. *See, e.g., Ali v. Corr. Med. Servs., Inc.*, C.A. No. DKC-09-0466, 2009 WL 2713948, at *1 n.1 (D.Md. Aug. 25, 2009).

## Conclusion

Based on the above, defendants' motion for summary judgment (Dkt. No. 58) is **granted**, plaintiff's motion for summary judgment (Dkt. No. 64) is **denied**, and Dr. Wilner's Motion to Dismiss (Dkt. No. 35) is **granted**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 6, 2011
Charleston, South Carolina